# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

ROBIN POSADAS,

    Plaintiff,

vs.     CASE NO.:

FIRST CLASS CONSTRUCTION
SERVICES INC, and ABRAHAM
QUINTANAR,

    Defendants.
_____/

## C O M P L A I N T

COMES NOW, the Plaintiff, ROBIN POSADAS (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, and sues FIRST CLASS CONSTRUCTION SERVICES INC and ABRAHAM QUINTANAR, (hereinafter collectively referred to as "Defendants'") and alleges:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of the jurisdictional limits of this Court, exclusive of fees and costs, brought to recover unpaid minimum wages and overtime compensation under the Fair Labor Standards Act (FLSA), as amended, 29 U.S.C. § 201 et. seq. (hereinafter referred to as the "FLSA"). Jurisdiction is conferred upon this Court pursuant to Section 16(b)

of the FLSA, 29 U.S.C. § 216(b).

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as the Defendants reside in and do business within this District. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

4. Plaintiff, ROBIN POSADAS, is a resident of the State of Florida, and worked for the Defendants in Pensacola, Florida, and in the surrounding areas of the District for the relevant time periods during the three (3) years before the date on which this Complaint was filed.

5. Plaintiff, ROBIN POSADAS, worked for the Defendants performing the duties of a carpenter's helper including, but not limited to, various forms of manual labor and general construction services.

6. Defendant, FIRST CLASS CONSTRUCTION SERVICES INC, is a for-profit Corporation duly licensed and organized under the laws of the State of Florida and is engaged in the business of providing electrical construction services.

7. Defendant, ABRAHAM QUINTANAR, is a resident of Escambia County and is the owner, operator, and/or manager of FIRST CLASS CONSTRUCTION SERVICES, INC.

## FACTUAL ALLEGATIONS

8. The Defendant, FIRST CLASS CONSTRUCTION SERVICES INC, is an employer and enterprise engaged in interstate commerce.

9. The Defendant, ABRAHAM QUINTANAR, is an employer and enterprise engaged in interstate commerce.

10. The Defendants, as part of their business, engage in interstate commerce by processing credit cards which are instruments of interstate commerce, by transacting business with foreign corporations which are part of interstate commerce, by purchasing equipment, tools, materials, and supplies from suppliers and vendors out of state which are part of interstate commerce, by advertising on the World Wide Web to potential clients and customers outside of Florida, and by transacting business across state lines, all of which are part of interstate commerce.

11. The Defendant, FIRST CLASS CONSTRUCTION SERVICES INC (hereinafter "FIRST CLASS"), is an employer and enterprise engaged in interstate commerce and is subject to the FLSA and has annual revenue of at least five hundred thousand dollars ($500,000.00).

12. The Defendant, ABRAHAM QUINTANAR, is an employer and enterprise engaged in interstate commerce and is subject to the FLSA and has annual revenue of at least five hundred thousand dollars ($500,000.00).

13. Alternatively, if any defendant does not have annual sales of five hundred thousand dollars ($500,000.00), then the total annual revenue of all the Defendants combined is at least five hundred thousand dollars ($500,000.00).

14. The Defendants control the day to day operations of FIRST CLASS CONSTRUCTION SERVICES INC and are actively involved in the day to day operations of FIRST CLASS CONSTRUCTION SERVICES INC including matters concerning hiring, firing, payroll, setting policies, making procedures, setting goals, marketing, estimating/bidding jobs, and other business operations.

15. Defendants supervise the operations of FIRST CLASS CONSTRUCTION SERVICES INC including hiring and firing employees, setting work schedules for the employees, and providing work assignments for employees.

16. Defendants, at all times material, are the "employers" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

17. The Plaintiff is, at all times material, an "employee" of the Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e).

18. The Defendants are the Plaintiff's employers.

19. The Defendants hired the Plaintiff, ROBIN POSADAS, in or about September 2016 to work for the Defendants as a carpenter's helper.

20. The Plaintiff's daily work responsibilities included, but were not limited to, various forms of manual labor and general construction work.

21. At all times material herein, the Defendants controlled the Plaintiff's day to day activities, supervised, and/or had operational control over the Plaintiff. The Defendants were responsible for hiring the Plaintiff, terminating the Plaintiff, setting the Plaintiff' rate of pay, determining if overtime was to be paid, setting the Plaintiff' work schedule including the number of days and hours worked, assigning the Plaintiff's work duties, and supervising the Plaintiff.

22. The Defendants, each and jointly, had operational control over the Plaintiff.

23. The Defendants permitted the Plaintiff to work for them but did not pay him for all work that he performed for the Defendants.

24. The FLSA mandates that an employer pay any employee at least the minimum wage for each hour worked.

25. The Plaintiff regularly worked for the Defendants but was not paid at least the Federal Minimum Wage, for each hour worked as required by the FLSA.

26. The FLSA mandates an employer pay its employees time and a half for each and every hour worked in excess of forty (40) hours in a work week.

27. During Plaintiff's employment with Defendants, he would regularly work in excess of forty (40) hours per week.

28. However, Plaintiff was not paid one and one-half (1 ½) times his regular rate of pay for all hours that he worked over forty (40) hours in a work week.

29. The Plaintiff was a "non-exempt" employee of the Defendants.

30. Plaintiff was entitled to be paid at a rate one and one-half (1 ½) times his regular hourly rate for each hour worked in excess of forty in a work week.

31. The Defendants were aware that the Plaintiff worked in excess of forty (40) hours in a work week without receiving overtime compensation for each and every hour that he worked over forty (40) hours in a work week.

32. The Defendants' actions in failing and/or refusing to pay the Plaintiff the applicable minimum wage or overtime compensation, as required by the FLSA, were willful and not in good faith.

33. Based on information and belief, the Defendants did not deduct the appropriate payroll and government taxes from Plaintiff's paycheck.

34. At all times material herein, the Defendants actions were willful and not in good faith.

35. The Plaintiff was an hourly employee.

36. The Plaintiff did not supervise two (2) or more full-time employees.

37. The Defendants are each and jointly involved with paying the Plaintiff.

38. During Plaintiff's employment, Defendants never provided pay stubs, time sheets, or any other documentation reflecting Plaintiff's hours or tax deductions.

39. Plaintiff has retained the undersigned attorneys and is obligated to pay them a reasonable fee for their services.

## COUNT I - FAILURE TO PAY MINIMUM WAGE UNDER THE FLSA

40. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-nine (39) as if fully set forth and referenced herein.

41. The Plaintiff, at all times material hereto, was an employee within the meaning of the FLSA.

42. The Defendants are employers and enterprises engaged in interstate commerce and are subject to the FLSA.

43. The FLSA mandates an employer pay its employees at least the federal minimum wage for each hour worked. 29 U.S.C. § 206(a).

44. The Plaintiff worked for the Defendants from approximately September 2016 through October 2016.

45. Defendants failed and refused to compensate Plaintiff at the minimum hourly wage for each and every hour worked as required under the FLSA.

46. The Defendants were aware they had suffered and permitted the Plaintiff to work without proper compensation for minimum wages under the FLSA.

47. The Defendants knew, or showed reckless disregard for the fact, that their failure to pay the Plaintiff as alleged herein was in violation of the FLSA.

48. The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

49. Because of the Defendants' actions, the Plaintiff had to retain counsel and is entitled to recover his attorneys' fees and costs connected with this suit.

50. As a result of the unlawful acts of the Defendants, the Plaintiff has been deprived of compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, Plaintiff prays that this Honorable Court:

    A.    Enter judgment for the Plaintiff and against the Defendants on the basis of Defendants' willful violations of the minimum wage

provisions of the Fair Labor Standards Act, 29 U.S.C. §206, as to the Plaintiff;

B. Enter judgment for the Plaintiff declaring that the Defendants violated the minimum wage provisions of the Fair Labor Standards Act and enjoining the Defendants from refusing to pay minimum wages, as required by the FLSA, to Plaintiff or other employees in the future;

C. Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

D. Award Plaintiff an equal amount in liquidated damages;

E. Award Plaintiff reasonable attorney's fees and costs of suit; and

F. Grant such other and further relief as this Court deems equitable and just.

## COUNT II - FAILURE TO PAY OVERTIME WAGES UNDER FLSA

51. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-nine (39) as if fully set forth and referenced herein.

52. The Plaintiff was, at all times material hereto, an employee within the meaning of the FLSA.

53. The Defendants are employers and enterprises engaged in interstate commerce and are subject to the FLSA.

54. When the Plaintiff worked for the Defendants, he worked in excess of forty (40) hours in a work week on a regular basis.

55. Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a workweek longer than forty (40) hours, unless such employee receives compensation for all hours he or she is employed in excess of forty (40) hours at a rate not less than one and one-half times the regular rate of pay.

56. The Defendants employed the Plaintiff in excess of forty (40) hours a week and did not pay him at a rate of one and one half (1 ½) times his regular rate of pay for all hours worked in excess of forty (40) in a workweek as required by the FLSA.

57. The Plaintiff was not exempt from receiving overtime compensation under the FLSA.

58. The FLSA mandates an employer pay its employees time and a half (1 ½) for each and every hour worked in excess of forty (40) hours in a work week.

59. The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

60. All records of the weekly hours the Plaintiff worked are in the possession of the Defendants.

61. The Defendants were responsible for keeping track of the hours Plaintiff worked; however, the Defendants failed to keep proper and adequate time records for the hours the Plaintiff worked for the Defendants.

62. Defendants failed and refused to properly compensate the Plaintiff at the proper overtime rate for each hour worked in excess of forty in a work-week.

63. Because of Defendants' actions, the Plaintiff had to retain counsel and is entitled to recover his attorneys' fees and costs connected with this suit.

64. As a result of the unlawful acts of Defendants, the Plaintiff has been deprived of compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A. Enter judgment for the Plaintiff and against the Defendants on the basis of Defendants' willful violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §207, as to the Plaintiff;

B. Enter judgment for the Plaintiff declaring that the Defendants violated the overtime provisions of the Fair Labor Standards Act and enjoining the Defendants from refusing to pay overtime compensation, as required by the FLSA, to Plaintiff or other employees in the future;

C.  Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid overtime compensation;

D.  Award Plaintiff an equal amount in liquidated damages;

E.  Award Plaintiff reasonable attorney's fees and costs of suit; and

F.  Grant such other and further relief as this Court deems equitable and just.

## COUNT III – VIOLATION OF 26 U.S.C. § 7434

65. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-nine (39) above as if fully set forth and referenced herein.

66. The Defendants each had an obligation to provide correct information returns to the IRS and to the Plaintiff.

67. The Defendants served/filed or caused to be served/filed knowingly false annual tax returns for the 2016 calendar year by misclassifying Plaintiff and/or failing to properly identify him as an employee and/or by failing to pay the required employment taxes on his behalf.

68. The Defendants served/filed or caused to be served/filed knowingly false IRS Form 941 quarterly tax returns for the relevant quarters of tax year 2016 by misclassifying Plaintiff and/or failing to properly identify him as an employee and pay the required employment taxes on his behalf.

69. The Defendants provided payroll to Plaintiff and are directly responsible for

the issuance of paychecks to Plaintiff, calculations of withholdings from Plaintiff's pay, the payment of taxes to the IRS, the preparation of their annual income tax returns, the preparation and filing of Form 941's, and the filing of information returns on their own behalf.

70. Plaintiff suffered damages as a result of Defendants' willful provision of false information returns, including the failure to receive the require contribution to his taxes by his employers, the lack of a contribution to social security, and the like, as a result of Defendants' intentional and willful acts as described above.

71. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

> **(a) In general**
> If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.
>
> **(b) Damages**
> In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—
>
> 1. any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),
>
> 2. the costs of the action, and

3. in the court's discretion, reasonable attorneys' fees.

**WHEREFORE**, Plaintiff prays this Court enter Judgment on this Complaint in his favor, and:

A. That Plaintiff recover the greater of $5,000.00 for each fraudulent information return filed by Defendant for each year during the past six (6) years or the damages proximately caused by Defendant's conduct for each year during the past six (6) years;

B. That Plaintiff recover an award of reasonable attorney's fees, costs, and expenses pursuant to 26 U.S.C. §7434;

C. That Plaintiff recover all interest allowed by law; and

D. Such other and further relief as the Court deems just and proper.

## PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS

DATED this 30th of March, 2017.

                                          Respectfully submitted,

                                          */s/ Jeremiah J. Talbott*
                                          JEREMIAH J. TALBOTT, ESQ.
                                          Fla. Bar No. 0154784
                                          BRADLEY S. LARSEN, ESQ.
                                          Fla. Bar No. 0114100
                                          Law Office of Jeremiah J. Talbott, P.A.
                                          900 East Moreno Street
                                          Pensacola, FL  32503

(850) 437-9600 / (850) 437-0906 (facsimile)
jjtalbott@talbottlawfirm.com
civilfilings@talbottlawfirm.com
*Attorneys for Plaintiff*